Case 2:18-cv-00153   Document 25   Filed on 01/15/19 in TXSD   Page 1 of 13

United States District Court
Southern District of Texas
**ENTERED**
January 15, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JESUS MONTALVO-RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-153 |
| | § | |
| LORIE DAVIS, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institute in Three Rivers, Texas. Proceeding *pro se*, he filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging the length of his sentence. (D.E. 1). Pending is Respondent's Motion for Summary Judgment. (D.E. 23). For the reasons stated herein, it is respectfully recommended that Respondent's Motion be **GRANTED**. (D.E. 23).[1]

---

[1] Also pending is Respondent Lorie Davis' Motion to Dismiss. (D.E. 12). Petitioner is in federal custody, not state custody, and has fully discharged his state sentence. (D.E. 12, Page 1; D.E. 12-3, Page 4 and D.E. 23, Page 3, Footnote 3). In his Petition, Petitioner properly lists only the Warden of Three Rivers as the Respondent. (D.E. 1, Page 1); *Moreland v. Fed. Bureau of Prisons*, 431 F.3d 180, 183 n.6 (5th Cir. 2005) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.") (citation omitted); *Aguilar v. Gastelos*, No. EP-13-CA-141-FM, 2013 WL 12130454, at *5 (W.D. Tex. Oct. 16, 2013) (In habeas corpus challenges under § 2241, the warden, as immediate custodian, is the only proper respondent) (citation omitted). Further, after Respondent Davis was served and filed a notice of appearance, Petitioner questioned her involvement in this action in a Motion for Clarification stating he was challenging the Federal Bureau of Prisons imposition of his sentence, not a state sentence, and "[t]here is clearly no reason for the State of Texas to appear as counsel of record on behalf of the Federal Government, or as a party in this case for any reason, as this case does

## I.   JURISDICTION

Section 2241 petitions must be filed in the district where the prisoner is incarcerated. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). Petitioner is incarcerated in Three Rivers, Texas and therefore, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6); *see McClure v. Hopper*, 577 F.2d. 938, 939-40 (5th Cir. 1978) (explaining that jurisdiction attaches upon the initial filing for habeas corpus relief, regardless of petitioner's transfer or custodial change) (citations omitted).

## II.   BACKGROUND

On March 1, 2011, Petitioner was arrested by state authorities during a routine traffic stop in Edinburgh, Texas in Hidalgo County, for Possession of Marijuana 2,000 Pounds or Less but more than 50 Pounds. (D.E. 12-2, Pages 3-5 and D.E. 22, Page 17).[2]

---

not involve any question of the State of Texas' jurisdiction, nor the way that it carried out any sentence for the Petitioner." Petitioner then requested Respondent Davis be removed from this action. (D.E. 10, Page 2). Therefore, Petitioner's Motion for Clarification is **GRANTED** to the extent he requests clarification as to Respondent Davis' involvement in this action. (D.E. 10). For these reasons, the undersigned **RECOMMENDS** Respondent Davis' Motion to Dismiss be **GRANTED** and Respondent Davis be **DISMISSED** from this action. (D.E. 12).

[2]Pending is Respondent's Motion to Expand the Record to include a declaration of Deborah Colston. (D.E. 22). Rule 7 of the Rules Governing § 2254 cases allows for a party in a habeas case to expand the record with "additional materials relating to the petition" as long as "the party against whom the additional materials are offered" is given "an opportunity to admit or deny their correctness." A court may apply this rule to § 2241 cases as well. Rule 1(b) of the Rules Governing § 2254 cases; *see also Ortloff v. Fleming*, 88 F. App'x 715, 717 (5th Cir. 2004) (applying Rule 6 of the Rules Governing § 2254 to a 2241 case). Through her position with BOP, Ms. Colston has access to prison records, and she has attached documents relating to Petitioner's convictions and sentences. Respondent further moves to the record be expanded to include the transcripts of Petitioner's federal sentencings hearings. (D.E. 23-1 and D.E. 23-2). These records relate directly to the petition. Moreover, Petitioner received these documents and did not dispute their authenticity. Accordingly, Respondent's Motion to Expand the Record is **GRANTED**.

On March 2, 2011, while in custody at the Hildago County Jail, Immigration and Customs Enforcement ("ICE") placed a detainer on Petitioner for deportation proceedings after he admitted he had entered the country illegally in 2009. (D.E. 22, Page 16). On April 19, 2011, a grand jury in the McAllen Division of the Southern District of Texas returned an indictment charging Petitioner with being unlawfully found in the United States after a previous deportation and approximately one week later, on April 26, 2011, Petitioner appeared in federal court for arraignment pursuant to a writ of habeas corpus *ad prosequendum*. *United States of America v. Montalvo-Rodriguez*, Case No. 7:11-cr-609-1 (S.D. Tex. Apr. 19, 2011) (Indictment); (D.E. 22, Page 19). On August 15, 2011, Petitioner received a 46-month federal sentence. (D.E. 22, Pages 22-27). The federal judgment is silent as to whether this sentence was to run consecutive or concurrent to any other sentence. (D.E. 22, Pages 22-27). Petitioner was returned to state custody by the United States Marshals on August 16, 2011. (D.E. 22, Page 32).

Shortly after his return, on August 24, 2011, Petitioner received a state sentence of four years for possession of marijuana as described above and was credited by the state court for the 177 days Petitioner spent in custody since being arrested on March 1, 2011. (D.E. 22, Pages 34-37). The state judgment provided the sentence was to run concurrent to his federal sentence. (D.E. 12-1, Page 5).

Upon appeal, the United States Court of Appeals for the Fifth Circuit vacated Petitioner's federal sentence on May 9, 2012, finding Petitioner was denied an opportunity to address the Court before his sentence was imposed. *United States v. Montalvo-Rodriguez*, 476 F. App'x 28 (5th Cir. 2012). On August 8, 2012, Petitioner

again appeared in federal court for re-sentencing pursuant to a writ of habeas corpus *ad prosequendum*. (D.E. 22, Page 32). Petitioner was resentenced on August 28, 2012, to a term of 70 months, with the judgment silent as to whether the sentence was consecutive or concurrent to any other sentence. (D.E. 22, Pages 43-48). However, during the re-sentencing hearing, United States District Judge Micaela Alvarez, after sentencing Petitioner to 70 months, stated, "And the Court does not believe that this sentence should run concurrent with the State incidents. The Court believes they are clearly separate and distinct conduct and will not recommend nor order that the sentence run concurrent with the State sentence." (D.E. 23-2, Page 12). Petitioner was returned to state custody by the United States Marshals on August 29, 2012. (D.E. 22, Page 32).

Petitioner appealed his 70-month federal sentence and the Fifth Circuit affirmed the judgment on September 20, 2013, finding his new sentence was presumptively reasonable because it was within the guideline range and "[a] district court may impose a lengthier sentence on remand if new events or conduct comes to light in the interim." *United States v. Montalvo-Rodriguez*, 540 F. App'x 339, 340 (5th Cir. 2013) (citation omitted). The Fifth Circuit further found:

> The record reflects that the district court made an individualized determination at re-sentencing that a 70-month sentence was appropriate in light of the facts presented. The court considered information regarding Montalvo's reasons for illegally reentering this country, his subsequent state conviction for possession of between 50 and 2,000 pounds of marijuana, his request for a downward variance, his postsentencing efforts at self-improvement, and the 18 U.S.C. § 3553(a) sentencing factors. Montalvo's disagreement with the court's weighing of the § 3553(a) factors and his 'disagreement with the propriety of the sentence imposed do [] not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence.'

*Id*. at 340-41.  Just under a year later, on August 6, 2014, Petitioner completed his state sentence and was transferred to federal custody to commence service of his 70-month federal sentence.  (D.E. 22, Pages 4-5, 32 and 50-51).

Petitioner then submitted a request to the Federal Bureau of Prisons' Designation and Sentence Computation Center ("DSCC") for a retroactive *nunc pro tunc* designation requesting credit toward his federal sentence for his time spend in state custody.  (D.E. 22, Pages 5 and 55).  After being contacted by the DSCC, Judge Alvarez sent a response on March 24, 2015 reiterating that Petitioner's federal sentence should run consecutive to his state sentence.  (D.E. 22, Pages 5 and 53).  Judge Alvarez stated, "the Court has concluded that at the time of re-sentencing in this case, the Court considered the request that the federal sentence run concurrent with the state sentence but denied the request.  Accordingly, the federal sentence should run *consecutive* to the state-term subsequently imposed."  (D.E. 22, Page 53).  Petitioner was notified on March 31, 2015 that his request had been denied.  (DE. 22, Page 55).

Over three years later, on May 31, 2018, Petitioner filed this federal habeas petition alleging that BOP miscalculated his sentence, asserting Judge Alvarez had no authority to order a consecutive sentence in this case because, at the time of his first sentencing hearing, he had not yet been convicted of or received a state sentence for possession of marijuana.  (D.E. 1, Pages 3-6).  Petitioner further asserts his state conviction for possession of marijuana and his federal conviction for illegal reentry should be considered relevant conduct and therefore, counted as a single sentence.  (D.E.

1, Pages 6-8). Respondent states Petitioner's sentence has been calculated correctly (D.E. 23).

### III. SUMMARY JUDGMENT STANDARD

Federal habeas relief is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. *Boyd v. Scott*, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (citation omitted). Rule 56 of the Federal Rules of Civil Procedure generally applies to federal habeas corpus cases. *Clark v. Johnson*, 202 F.3d 760, 764-65 (5th Cir. 2000)(citations omitted)); see also Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus....").

Summary judgment is appropriate when there is no disputed issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In making this determination, the Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. Courts must consider the record as a whole by reviewing all pleadings, depositions, affidavits, interrogatories and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002) (citation omitted). The Court may not weigh the evidence, or evaluate the credibility of witnesses. *Id*. Furthermore, the Court may only consider affidavits made on personal knowledge, which set forth "such facts as would be admissible in evidence, and [show] affirmatively

that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e); see also *Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1992) (per curiam) (refusing to consider affidavits that relied on hearsay); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987) (per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence ... a verdict should not be directed." *Anderson*, 477 U.S. at 250–51.

## IV.   DISCUSSION

The authority to calculate federal prison sentences, and to grant credit to a sentence, is vested with the United States Attorney General, which is administratively carried out by the BOP. *United States v. Wilson*, 503 U.S. 329, 331-33 (1992); 28 C.F.R. § 0.96. When a sentence commences and to what extent a defendant may receive credit for any time already spent in custody are governed by 18 U.S.C. § 3585. Credit is

7 / 13

allowed for prior custody only if the time spent in official detention is not credited against another sentence. 18 U.S.C. § 3585(b). Therefore, the statute governing the calculation of federal sentences prohibits the award of "double credit." *Wilson*, 503 U.S. at 337.

Petitioner is not entitled to credit on his federal sentence for the time he spent in the state correctional institution because he has already been given credit toward his state sentence for this time. *Wilson*, 503 U.S. at 337; (D.E. 22, Page 36). Additionally, when Petitioner was transferred from state custody to federal court, it was pursuant to a writ of habeas corpus *ad prosequendum*. The Fifth Circuit has recognized a federal prisoner is not entitled to credit towards a federal sentence for time spent in a federal detention center after he has been temporarily produced from state custody for prosecution pursuant to a writ of habeas corpus *ad prosequendum*. A prisoner detained pursuant to a writ of habeas corpus *ad prosequendum* remains in the primary custody of the first jurisdiction unless and until the sovereign relinquishes jurisdiction over the prisoner. *United States v. Londono*, 285 F.3d 348, 356 (5th Cir. 2002); *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985).

Because Petitioner remained in the primary custody of the State of Texas during the time he appeared in federal court, 18 U.S.C. 3585(b) prohibits the award of double credit. The state court specifically gave Petitioner prior custody credit on his state sentence from the time of his arrest, including the time period he was "loaned" to face his federal charges. (D.E. 22, Page 36). In other words, because the time Petitioner spent in state custody was credited toward his state prison sentence, he is not entitled to receive

credit again toward his federal sentence under § 3585(b). *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003) (holding that the BOP was not required to credit time spent in state custody toward the defendant's federal sentence because that time was already "credited against another sentence.").

Further, a district judge has discretion to order a sentence to run consecutively or concurrently and absent such an order, the presumption is that the sentences run consecutively. *Setser v. United States*, 566 U.S. 231, 239-40 (2012); *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003). Here, the final sentencing judgment did not state Petitioner's federal sentence was to be served concurrent with any state sentence. (D.E. 22, Pages 43-48). Therefore, the determination by federal authorities that Petitioner's sentence "would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision…" *Leal*, 341 F.3d at 430 (citation omitted). Further, Judge Alvarez made it clear, during the sentencing hearing, resentencing hearing and after the DSCC's request, that Petitioner's federal sentence was to run consecutive to any state court sentence. (D.E. 22, Page 53 and D.E. 23-2, Page 12). Accordingly, Petitioner fails to show he is entitled to additional credit or that his sentence has been calculated incorrectly. The BOP is not required to credit any time Petitioner spent in state custody toward his federal sentence because it has already been "credited against another sentence." 18 U.S.C. 3585(b).

To the extent Petitioner asserts Judge Alvarez had no authority to order a consecutive sentence in this case because, at the time of his first federal sentencing hearing, he had not yet been convicted of or received a state sentence for possession of

marijuana, the undersigned recommends this argument is without merit. First, at the time of resentencing, Petitioner had already been convicted and was serving his state sentence. While Judge Alvarez was clear on the record that the federal sentence was to run consecutive to Petitioner's state sentence, the judgment itself is silent. (D.E. 22, Pages 43-48 and D.E. 23-2, Page 12). Therefore, as discussed above, it is clearly established that Petitioner's sentence is presumed to run consecutively.

Additionally, even if Petitioner had not been resentenced in this case and therefore, had not yet received his state sentence at the time he received his federal sentence, Petitioner would still not be entitled to habeas relief. The Supreme Court and the Fifth Circuit have both held a district court has the authority to order a federal sentence to run either concurrent or consecutive to a yet-to-be imposed state sentence. *Setser v. U.S.*, 566 U.S. 231 (2012); *United States v. Rico*, No. 06-cr-2(2), 2007 WL 4223217, at * 1 (S.D. Tex. Nov. 23, 2007) (citing *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000) (other citations omitted). The Fifth Circuit has further held the presumption of consecutive sentences when the federal sentencing court is silent on this issue also applies in situations with an anticipated state sentence. *Id.* (citations omitted). *United States v. Aguilar*, No. 02-cr-278-5, 2009 WL 2923052, at *3 (S.D. Tex. Sept. 1, 2009) (Federal sentencing court's silence on whether defendant's federal sentence should run consecutive or concurrently to an anticipated state sentence indicates the terms were to run consecutively) (citations omitted).

As to Petitioner's relevant conduct claim, § 2241 is not the proper avenue in which to raise this issue. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the

appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted); *Moorehead v. Chandler*, 540 F. App'x. 458 (5th Cir. 2013). In contrast, a § 2255 motion provides the primary means of collateral attack on a federal sentence. *Pack*, 218 F.3d at 451. Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing. *Id*. A § 2255 motion must be filed in the sentencing court. *Id*.; *Eckles v. Chandler*, 574 F. App'x. 446, 446 (5th Cir. 2014). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack*, 218 F.3d at 452; *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (same). In his relevant conduct claim, Petitioner is challenging the validity of his federal conviction, not the interpretation or carrying out of his sentence by the Bureau of Prisons, and he states no sufficient grounds qualifying this action for relief pursuant to § 2255's savings clause. 28 U.S.C. § 2255. Further, Petitioner does not claim to be innocent of either offense. *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000). The undersigned recommends dismissal is appropriate in this case.

Therefore, it is respectfully recommended that Petitioner is not entitled to relief under 28 U.S.C. § 2241.

V. **RECOMMENDATION**

Based on the foregoing reasons, it is respectfully recommended that Respondent Davis' Motion to Dismiss (D.E. 12) and Respondent Shults' Motion for Summary

Judgment (D.E. 23) be **GRANTED** and Petitioner's habeas petition (D.E. 1) be **DISMISSED**.

Respectfully submitted this 15th day of January, 2019.

                                                  _____
                                                        Jason B. Libby
                                            United States Magistrate Judge

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).